## NODIE LOCKETT V. STATE.

No. 24815. June 14, 1950.

*Nelson & McCleskey*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with the unlawful killing with malice of Robert Johnson, known as "Mus'have'it" Johnson, and by the jury convicted and given a term of 25 years in the penitentiary, and he appeals from such sentence.

The facts show that a bunch of Negroes were engaged in a gambling game and played for considerable money all night in the city of Lubbock. As usual, there seemed to have been some disagreements between the contestants in the game, but such were not indulged in by appellant and the deceased. The state's testimony seems to show that appellant owed the deceased some $170.00 about which deceased had set the hour at which time this debt should be paid. It is then shown by the state that in the morning after the all-night gambling session, deceased was having the battery to his car recharged, and during its installation, while holding one of the terminals of the battery in his hand, appellant drove up in his car and got out; that upon seeing the deceased, appellant walked back to his car, picked up his automatic shotgun, and shot deceased three or four times therewith; and deceased soon died from the effects of these wounds. No weapons of any kind were seen on, or found on or near the body of the deceased.

Appellant tells a different story. He claims that the deceased and another had charged him with stealing a quantity of whisky from them and had threatened him with death if he did not return such whisky to them; that they had set a certain time for such delivery; that he was afraid they would execute this threat, and he possessed himself of his shotgun, and while driving in his car, he stopped at a filling station to obtain some gasoline, and there he found the deceased, who advanced toward him with his hand in his pocket; that appellant went to his car, took his shotgun out and shot the deceased; that he did not know how many times he shot; that he shot in self-defense.

The jury rejected the appellant's plea of self-defense.

There are four bills of exception in the record.

Bill No. 1 refers to the remarks of the assistant district attorney in his opening address to the jury as follows:

"When this day is over and you men have returned a verdict in this case, history will record whether or not a killer like that defendant sitting over there, can continue to shoot and murder men and go free in Lubbock County, Texas. History will record how you stand on this matter; history will record the fact that if a killer like this defendant sitting over there can do what he has done and go free, that there is no need for ever trying another man for murder in Lubbock County. You are making history in this case and don't forget that."

Upon objection thereof the careful trial court admonished the attorney to desist from such argument and instructed the jury not to consider same, but to only consider the facts as adduced from the witnesses and the law as given them by the court. We do not agree that error is shown herein, but if so, the prompt instruction of the court would render the same harmless.

Bill of Exceptions No. 2 also relates to an argument made by such state's attorney relative to the fact that such jury's verdict would be looked upon as making history as to whether men such as appellant could continue to shoot and kill men and go free in Lubbock County. He advised with the jury as to their duty in such matters. Again, the trial court admonished counsel and instructed the jury not to consider such remarks, and we think his action was correct.

Bill No. 3 relates to the placing upon the stand after appellant's testimony was concluded a witness, Harold McInroe, Chief of Police of Lubbock, and interrogating such witness relative to appellant's reputation as a peaceable, law-abiding citizen, the objection being that the state having rested its case without any attack on appellant's reputation, this testimony comes too late. Of course, the state could not attack appellant's reputation until he brought the same into the case as an issue. The appellant having filed an application for a suspended sentence, the state could have offered this proof at any time. All that the chief of police testified to at the time of this objection was that such reputation was bad. There is no error shown in allowing such testimony.

Bill of Exceptions No. 4 has attached thereto all the transcription of the notes of the court reporter as to what took place throughout the trial in question and answer form whenever a bill of exception was taken to some ruling. This bill is in violation of the rules governing such in this court, is in an

improper form, and is multifarious. Therefore, it has no place in this record.

Finding no error shown, the judgment will be affirmed.